# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| WESTERN WORLD INSURANCE, <br><br> Plaintiff, <br><br> v. <br><br> SPECIAL POPULATION LEARNING OUTDOOR RECREATION & EDUCATION, <br><br> Defendant. | **ORDER AND MEMORANDUM DECISION** <br><br> Case No. 2:06-cv-00967-TC-PMW <br><br> Judge Tena Campbell |

## BACKGROUND

During the January 22, 2005, Wasatch Overland Ski Race, organized by Special Population Learning Outdoor Recreation & Education (SPLORE), one of the participants—Thomas McCrory—sustained a spinal injury when he skied off course. SPLORE was insured by Western World Insurance Company, and Jane Downes was a 16-year-old SPLORE volunteer whose job was to direct participants down the right course.

Mr. McCrory brought an action in state court in August 2006 alleging that Ms. Downes was negligent in performing her volunteer duties. The personal injury action is still pending. After Mr. McCrory filed suit, Western World brought this declaratory judgment action to determine whether SPLORE and/or SPLORE's officers, agents, and employees were insured against Mr. McCrory's claims under the Western World policy. The court has already ruled that the policy covered both SPLORE's and Ms. Downes' liability (if any) for Mr. McCrory's claims, and that Ms. Downes is not entitled to recover costs incurred to defend this declaratory judgment action. (See Dkt. Nos. 69 and 101.)

In the underlying state court action, Ms. Downes' homeowners insurer, USAA, has provided Ms. Downes' defense and paid for all of her defense costs. The matter is now before the court on Ms. Downes' motion for summary judgment on her claim that she is entitled to recover the defense costs that USAA has incurred to defend the underlying state court action. According to Western World, Ms. Downes is not entitled to recover those costs because Ms. Downes has not paid any defense costs, and because, under the doctrine of equitable subrogation, the only party that may make a claim against Western World for those costs is USAA.

## ANALYSIS

### Western World's Duty to Defend

Given the court's ruling that Mr. McCrory's claims against Ms. Downes are covered under the Western World Policy (see Dkt. # 69), it is undisputed that Western World has a duty to defend Ms. Downes in the underlying personal injury litigation. (See Western World Policy at 23, attached as ex. 9 to Beehive Ins. Agency's Mem. Supp. Mot. Summ. J.)

### USAA's Ability to Recover

It is also undisputed that USAA has paid for Ms. Downes' defense in the underlying litigation. An insurer's right to equitable subrogation is well-recognized in Utah. Under the doctrine of equitable subrogation, "an insurer which settled a claim that should have been covered by another insurance company [can] recover the amount paid in settlement" from that other insurance company. Sharon Steel Corp. v. Aetna Cas. & Sur. Co., 931 P.2d 127, 137 (Utah 1997). "Under the doctrine of equitable subrogation, the insurer of the injured party inherits [the injured party's] right of action." Speros v. Fricke, 2004 UT 69, ¶ 9, 98 P.3d 28.

Under Utah law, the doctrine of equitable subrogation extends to costs incurred defending

the insured.  Sharon Steel, 931 P.2d at 137-38.  In other words, if an insurer has paid more than its fair share of the defense costs, that insurer may make a claim for equitable subrogation to compel contribution from a co-insurer that has failed to defend or failed to pay its share of the defense costs.  Id.[1]

**Ms. Downes' Ability to Recover**

**Ms. Downes is Seeking to Recover Defense Costs that she did Not Incur**

Ms. Downes argues that she is entitled to recover from Western World even though she has not expended any money to defend the underlying litigation and even though USAA may seek to recover the same amount from Western World.

In order to prevail on a claim to recover damages, the plaintiff must "prove the fact of damages."  See, e.g., Atkin Wright & Miles v. Mountain States Tel. & Tel. Co., 709 P.2d 330, 336 (Utah 1985).  To prove damages, the plaintiff must produce evidence.  Id.  But Ms. Downes acknowledges that she did not incur any defense costs in the state court action.[2]  (See Mem. Further Supp. Mot. Summ. J., at 4 ("[I]t is true that [Ms. Downes] has not been required to

---

[1] Ms. Downes acknowledges that USAA possesses, and may pursue against Western World, a subrogation claim related to the defense costs that USAA paid on behalf of Ms. Downes in connection with the state court action.  (See Mem. Further Supp. Mot. Summ. J., at 3 ("Clearly, USAA may have a future equitable subrogation action."))  And USAA expressed its intent to pursue an equitable subrogation claim against Western World in a July 28, 2008, letter, stating:  "Unless the pending declaratory judgment action determines otherwise, we will look to you for reimbursement of USAA's defense fees and costs [incurred on behalf of Ms. Downes in the underlying litigation]."  (See July 28, 2008, letter, attached as ex. B to Mem. Supp. Mot. Summ. J.)

[2] Although Ms. Downes says that "she was . . . exposed to the vicissitudes of litigation with the practical impact on her insurability and future premium expenses" (see Mem. Further Supp. Mot. Summ. J., at 4), the motion before the court is to recover defense costs incurred in the state court action, not other damages.  (See Mem. Supp. Mot. Summ. J., at iii ("Downes seeks a determination of liability for these defense expenses . . . .").)

3

finance her defense . . . .").)

The doctrine of equitable subrogation "enforces the principle that the insured is not entitled to double recovery." See Birch v. Fire Ins. Exch., 2005 UT App 395, ¶ 7, 122 P.3d 696 (see also Mem. Further Supp. Mot. Summ. J., at 8). Ms. Downes' counsel appears confident that Ms. Downes would transfer any money recovered here to USAA, and that Western World's concern about USAA's ability to recover from Ms. Downes is "disingenuous." (See Mem. Further Supp. Mot. Summ. J., at 9). But should Ms. Downes not transfer the money she recovers here to USAA, she would enjoy double recovery while USAA could still seek to recover from Western World, which might then face double liability.

**Equity Does Not Weigh in Favor of Granting Ms. Downes' Motion**

Ms. Downes has no right in equity to recover defense costs paid by USAA, and in fact equity weighs heavily against allowing Ms. Downes to recover those costs. If Ms. Downes were seeking to recover money she has not spent for her own personal gain (duplicative recovery), that would not be equitable. If Ms. Downes were acting on behalf of USAA to recover the defense costs for USAA, then USAA would be able to sidestep any analysis of whether–as between the two insurers–Western World should bare the entire cost of defending Ms. Downes in the underlying litigation.

Further, Ms. Downes alleges that "equity would prevent Western World from being subject to duplicative liability in the future," and that "it is certainly within this court's power and ability to fashion an order that holds Western World liable for the fees and costs incurred in the tort action but expressly precludes any potential double recovery." (Mem. Further Supp. Mot. Summ. J., at 9.) But to "preclude double recovery" would be to strip USAA of its right to bring

an equitable subrogation action. USAA is not a party to this action and the court will not determine its rights and interests in absentia.

**CONCLUSION**

Until Ms. Downes has incurred defense costs in the underlying state court action that are not paid by USAA, Ms. Downes may not recover those costs from Western World. Accordingly, Ms. Downes' request for summary judgment on her claim for defense costs incurred in the underlying state court action (Dkt. No. 74) is DENIED.[3]

DATED this 24th day of August 2010.

BY THE COURT:

*Tena Campbell*

TENA CAMPBELL
Chief Judge

---

[3] Ms. Downes' other claim in her motion for summary judgment was denied by the court's order dated June 8, 2010. (See Dkt. No. 101.)